Michael Zoldan; AZ Bar No. 028128
Jason Barrat; AZ Bar No. 029086
Jessica Miller; AZ Bar No. 031005
**ZOLDAN LAW GROUP, PLLC**
14500 N. Northsight Blvd., Suite 133
Scottsdale, AZ 85260
Tel & Fax: 480.442.3410
mzoldan@zoldangroup.com
jbarrat@zoldangroup.com
jmiller@zoldangroup.com

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| **Cecilia Jones** and **Pedro Ybarra,** Individually and on Behalf of All Others Similarly Situated; <br><br> Plaintiffs, <br><br> v. <br><br> **Symantec Corporation**, a California company; <br><br> Defendant. | Case No. <br><br><br> **COLLECTIVE ACTION COMPLAINT FOR COMPENSATION UNDER 29 U.S.C. § 201,** *ET SEQ.* <br><br> **(Jury Trial Requested)** |

Plaintiffs Cecilia Jones and Pedro Ybarra, individually, and on behalf of all other persons similarly situated, allege as follows:

## **PRELIMINARY STATEMENT**

1. Plaintiff and the Collective Members are current and former workers employed by Defendant and bring this action on behalf of themselves and all similarly-situated current and former customer care employees who were compensated on an hourly basis, and who were not paid one-and-one-half times their regular rates of pay for all time worked in excess of 40 hours in a given workweek.

2. Plaintiff and the Collective Members bring this action against Defendant for their unlawful failure to pay overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201-219 (hereinafter "**FLSA**").

3. This is an action for equitable relief, overtime wages, unpaid wages, liquidated damages, interest, attorneys' fees, and costs under the FLSA.

4. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Under the FLSA, employers must pay all non-exempt employees one-and-one-half times their regular rates of pay for all time spent working in excess of 40 hours per workweek. *See* 29 U.S.C. § 207(a).

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because acts giving rise to the claims of Plaintiff and the Collective Members occurred within the District of Arizona, and Defendant regularly conducts business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

## PARTIES

7. At all relevant times to the matters alleged herein, Plaintiffs Cecilia Jones ("**Jones**") and Pedro Ybarra ("**Ybarra**") resided in the State of Arizona.

8. At all material times, Jones was a full-time, non-exempt employee of Defendant from on or around July 1, 2017 until present.

9. At all material times, Ybarra was a full-time, non-exempt employee of Defendant from on or around July 1, 2017 until present.

10. At all relevant times during her employment, Jones was employed as a customer service worker.

11. At all relevant times during his employment, Ybarra was employed as a customer service worker.

12. At all relevant times, Jones was an employee of Defendant as defined by 29 U.S.C. § 203(e)(1) and was a non-exempt employee.

13. At all relevant times, Ybarra was an employee of Defendant as defined by 29 U.S.C. § 203(e)(1) and was a non-exempt employee.

14. Defendant Symantec Corporation, is a California company, authorized to do business in the State of Arizona and was at all relevant times Plaintiffs and the Collective Members' employer as defined by 29 U.S.C. § 203(d).

15. Plaintiffs and the Collective Members, in their work for Defendant, were employed by an enterprise engaged in commerce that had annual gross sales made or business done of at least $500,000.

## COLLECTIVE ACTION ALLEGATIONS

16. Plaintiffs Jones and Ybarra bring this action on behalf of themselves and all other similarly situated individuals pursuant to 29 U.S.C. § 216(b). Plaintiffs and the similarly situated individuals work(ed) as customer care workers (or in a position with similar job titles or job duties) for Defendant. The proposed collective class for the FLSA claim is defined as follows:

**All persons who worked as customer care workers (or in other positions with similar job titles or job duties) for Defendant at any time from three years prior**

to the filing of this Complaint through the entry of judgment (the **"Collective Members").**

17. Plaintiffs have given their written consent to be a Party Plaintiff in this action pursuant to U.S.C. § 216(b). Plaintiffs' signed consent form is attached as **"Exhibit 1"**. As this case proceeds, it is likely that other individuals will file consent forms and join as "opt-in" plaintiffs.

18. At all relevant times, Plaintiffs and the Collective Members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decision, policy, plan, and common programs, practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay one-and-one-half times Plaintiffs' and the Collective Members' regular rates of pay for all time in excess of forty (40) hours per workweek that Defendant suffered or permitted them to work. Plaintiffs' claims stated herein are essentially the same as those of the Collective Members. This action is properly maintained as a collective action because in all pertinent aspects the employment relationship of individuals similarly situated to Plaintiffs are identical or substantially similar.

19. Defendant paid Plaintiffs and the Collective Members a salary or fixed amount.

20. Plaintiffs and the Collective Members routinely worked over forty (40) hours in a workweek and were not compensated by Defendant with overtime pay for all hours they worked over forty in a workweek.

21. For example, Plaintiffs regularly worked over 40 hours per week, but were only compensated for 86.67 in straight-time hours per pay period (bi-monthly) no matter how many hours they actually worked.

22. Defendant is aware that Plaintiffs and the Collective Members, upon information and belief, those similarly situated work(ed) under these conditions, and yet Defendant still denied them overtime compensation.

23. The Collective Members perform or have performed the same or similar work as Plaintiffs.

24. As such, the Collective Members are similar, if not identical, to Plaintiffs in terms of job duties, pay structure, and/or the denial of all overtime pay.

25. Defendant's failure to pay overtime compensation required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the Collective Members.

26. The experiences of Plaintiffs, with respect to their pay, are typical of the experiences of the Collective Members.

27. All class members, irrespective of their particular job requirements and job titles, are entitled to compensation for hours worked in excess of forty (40) during a given workweek.

28. Although the exact amount of damages may vary among the Collective Members, the damages for the Collective Members can be easily calculated by a simple formula. The claims of all Collective Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by the Defendant that caused harm to all of the Collective Members.

29. Defendant uniformly misrepresented to Plaintiffs and other customer care workers that they were receiving more money than they should if they did not receive all

their overtime pay.  In reality, Plaintiffs and other similarly situated employees are, and were entitled to overtime pay.

30.   Defendant is liable under the FLSA for failing to properly compensate Plaintiffs and all other customer care workers.

31.   Notice of this action should be sent to all similarly situated customer care workers.

32.   There are numerous similarly situated current and former employees of Defendant who have been denied appropriate compensation in violation of the FLSA, who would benefit from a Court supervised notice of the lawsuit and the opportunity to join the case.  Those similarly stated employees are known to Defendant and are readily identifiable through Defendant's records.

## FACTUAL ALLEGATIONS RELATING TO PLAINTIFF JONES AND YBARRA

33.   Plaintiffs, on behalf of themselves and the Collective Members, realleges and incorporate by reference all allegations in all preceding paragraphs.

34.   On or around July 1, 2017, Jones began employment with Defendant as a customer care worker.  Her main job duties included assisting with customer concerns and needs.

35.   On or around July 1, 2017 Ybarra began employment with Defendant as a customer care worker.  His main job duties included assisting with customer concerns and needs.

36.   Plaintiffs did not have supervisory authority over any employees.

37.   Plaintiffs did not possess the authority to hire or fire employees.

38. Plaintiffs did not possess the authority to make critical job decisions with respect to any of Defendant's employees.

39. Plaintiffs did not direct the work of two or more employees.

40. Plaintiffs did not exercise discretion and independent judgment with respect to matter of significance.

41. Plaintiffs were not managers.

42. Plaintiffs' primary duty was not the management of the enterprise in which they were employed or any recognized department of the enterprise.

43. Plaintiffs routinely worked with knowledge of Defendant, and often at Defendant's request, in excess of 40 hours per week.

44. Specifically, during their employment, Plaintiffs routinely worked in excess of 40 hours per week and was not paid all the premium one-and-one-half times their regular rate as required under the FLSA for hours worked over 40 in a workweek.

45. For example, during the workweek of August 27, 2018 through September 2, 2018, Ybarra worked at least 46 hours. He was not compensated overtime for the six hours worked over 40 in that workweek.

46. For example, during the workweek of April 30, 2018 through May 6, 2018, Jones worked at least 47.75 hours. She was not compensated overtime for the 7.75 hours worked over 40 in that workweek.

47. Defendant uniformly misrepresented to Plaintiffs that they were receiving more wages if they did not receive overtime pay.

**COUNT ONE: FAIR LABOR STANDARDS ACT**
**FAILURE AND/OR REFUSAL TO PAY OVERTIME**

48. Plaintiffs, on behalf of themselves and the Collective Members, realleges and incorporate by reference all allegations in all preceding paragraphs.

49. Plaintiffs and the Collective Members were non-exempt employees entitled to the statutorily mandated overtime wages.

50. While employed by Defendant, Plaintiffs and the Collective Members worked hours of overtime per week, each and every workweek, for which they worked for Defendant, and Defendant did not pay to Plaintiffs and the Collective Members one-and-one-half times their regular rate of pay for all such time.

51. As a result, Defendant has intentionally failed and/or refused to pay Plaintiffs and the Collective Members all overtime according to the provisions of the FLSA.

52. Defendant further has engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing and/or refusing to pay Plaintiffs and the Collective Members in accordance with 29 U.S.C. § 207.

53. As a result, Defendant has intentionally failed and/or refused to pay Plaintiffs and the Collective Members overtime according to the provisions of the FLSA.

54. Defendant further has engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiffs and the Collective Members in accordance with 29 U.S.C. § 207.

55. Defendant knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiffs and the Collective Members over the course of their employment would violate federal law, and Defendant was aware of the FLSA overtime requirements during Plaintiffs' and the Collective Members' employment. As such, Defendant's conduct constitutes a willful violation of the FLSA.

56.     As a result of Defendant's failure or refusal to pay Plaintiffs and the Collective Members a wage equal to one-and-one-half times Plaintiffs' and the Collective Members' regular rates of pay for work they performed for Defendant in excess of their regular 40-hour workweek, Defendant violated 29 U.S.C. § 207(a). Plaintiffs and the Collective Members are therefore entitled to compensation of one-and-one-half times their regular rates of pay, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiffs, individually, and on behalf of all other similarly situated persons, respectfully requests that this Court grant the following relief in Plaintiffs' and the Collective Members' favor, and against Defendant:

A.  Designation of this action as a collective action on behalf of the FLSA Collective Members (asserting FLSA claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to timely assert FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B.  For the Court to declare and find that the Defendant committed one or more of the following acts:

   i.   violated overtime provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime wages;

   ii.  willfully violated overtime provisions of the FLSA, 29 U.S.C. § 207;

C.  For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

E. For the Court to award Plaintiffs' reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F. For the Court to provide reasonable incentive awards for each named Plaintiff to compensate them for the time they spent attempting to recover wages for the Collective Members and for the risks they took in doing so; and

G. Such other relief as this Court shall deem just and proper.

## JURY TRIAL DEMAND

Plaintiffs and the Collective Members hereby demand a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED October 23, 2018.

**ZOLDAN LAW GROUP, PLLC**

By: /s/ Jason Barrat
14500 N. Northsight Blvd., Suite 133
Scottsdale, AZ 85260
Attorneys for Plaintiffs