## SETTLEMENT AND RELEASE AGREEMENT

This Settlement and Release Agreement ("Agreement") is entered into by and between the undersigned parties (the "Parties"), Cecilia Jones and Pedro Ybarra (collectively "Plaintiffs"), on the one hand, and Symantec Corporation ("Symantec"), on the other.

## RECITALS

A. WHEREAS, Plaintiffs filed a Complaint with the U.S. District Court for the District of Arizona, Civil Action No. 2-18-cv-03406-SRB, alleging that Symantec violated the Fair Labor Standards Act (the "Lawsuit");

B. WHEREAS, Symantec denies the allegations and claims contained in the Lawsuit, denies any wrongdoing whatsoever and enters into this Agreement solely to avoid the expense and disruption of litigation;

C. WHEREAS, Symantec provided Plaintiffs with documentation showing that Plaintiffs were paid all overtime due to them under the FLSA;

D. WHEREAS, the Parties have settled, fully and finally, the claims asserted in the Lawsuit by Plaintiffs up to and including the date of execution of this Agreement;

**NOW, THEREFORE,** in consideration of the terms, conditions, and promises set forth herein, the Parties agree as follows:

**1. Cash Consideration.**

    a. Symantec shall pay the total amount of Four Hundred Sixty-Three Dollars and 20/100 ($463.20) in costs incurred by Plaintiffs in bringing the Lawsuit.

    b. The costs shall be payable as follows:

        i. One check payable to "Zoldan Law Group PLLC," in the amount of Four Hundred Sixty-Three Dollars and 20/100 ($463.20);

  c. Symantec shall issue an IRS 1099 Form for the payment designated in Paragraph 1(b)(i).

  d. Symantec shall make the payment designated in Paragraph 1(b)(i) within fourteen (14) days after the completion of both of the following conditions: (1) the Parties execute the attached Stipulation of Dismissal (Exhibit A) to dismiss the Lawsuit in its entirety; and (2) the Parties' receipt of an Order from the U.S. District Court for the District of Arizona approving the settlement and dismissing Civil Action No. 2-18-cv-03406-SRB with prejudice as to Plaintiffs and approving the settlement of Plaintiffs' individual FLSA claims.

2. **Bona Fide Dispute.**  Plaintiffs expressly acknowledge that they have been paid all wages owed including overtime by Symantec, and that the payment of costs is intended to resolve any bona fide dispute arising from the filing of the Lawsuit.

3. **Release.**

  a. Plaintiffs, on behalf of themselves and any heirs, executors, administrators or assigns which they have or may have at any time in the future, hereby waive and release all claims of any nature whatsoever, in law or equity, Plaintiffs ever had, or have, or hereafter may have, up to and including the date of execution of this Agreement, arising from the claims asserted in the Lawsuit. This Agreement releases all such claims against Symantec, any of Symantec's parents, subsidiaries, affiliates, predecessors, successors, officers, directors, attorneys, employees, joint employers, contractors,

assigns, agents (in their personal and official capacities), and insurers (hereinafter referred to collectively as the "Released Parties").

b. Except as specifically set forth in this Agreement, each party shall bear its own costs and fees.

c. Plaintiffs acknowledge that they are not a prevailing party and that they shall receive no compensation, damages, fees or other consideration from Symantec except as specifically set forth in this Agreement.

4. **No Other Pending Claims.** With the exception of the Lawsuit, Plaintiffs represent that they have not filed or otherwise presented any other claims, complaints, charges, arbitration claims, or lawsuits of any kind whatsoever with any court, governmental agency, other regulatory body, or arbitration tribunal with respect to any matter related to Symantec, or arising out of their employment with or services provided to Symantec.

5. **Release of Attorneys' Lien.** Plaintiffs warrant that any attorney they have consulted in connection with the Lawsuit shall release all liens or other claims for attorneys' fees against any Related Parties in connection with Plaintiffs attorneys' representation of them upon payment of the consideration in Paragraph 1.

6. **Non-Admission of Liability.** Plaintiffs acknowledge that the execution of this Agreement and the payment of consideration or any other obligation hereunder are not and shall not be construed in any way as an admission of wrongdoing or liability on the part of Symantec or the Released Parties. Plaintiffs further acknowledge that Symantec denies all allegations of wrongdoing alleged in the Lawsuit. Symantec

intends, by this Agreement, merely to avoid the expense, delay, uncertainty, and burden of continued litigation.

7. **Entire Agreement.**  This Agreement sets forth the entire agreement of the Parties and supersedes all prior agreements or understandings between them pertaining to the subject matter herein.  This Agreement may be modified only in a writing signed by Plaintiffs or their counsel, and counsel for Symantec.

8. **Controlling Law.**  This Agreement shall be governed by the laws of the state of Arizona without reference to that jurisdiction's choice of law rules, and the venue for the resolution of any disputes arising out of or related to this Agreement shall be exclusively in any state or federal court of competent jurisdiction in Maricopa County, Arizona.

9. **Severability.**  Should any provision of this Agreement be held invalid or unenforceable by operation of law or otherwise, all other provisions shall remain in full force and effect; provided, further, that a court may modify any provision to make it valid and enforceable.

10. **Knowing and Voluntary Release.**  Plaintiffs agree that they are signing this Agreement freely, knowingly, voluntarily, and without coercion, and in particular acknowledge:

    a. They each have carefully reviewed this Agreement and understand its terms and contents and their rights and obligations set forth herein;

    b. They each have been advised to consult with counsel, and they have discussed this Agreement with their counsel, the Zoldan Law Group PLLC;

    c.    They each have had ample time and opportunity to review and consider this Agreement before signing it;

    d.    They each are receiving consideration in addition to that to which they already are entitled; and

    e.    They are not relying on any promises or inducements by Symantec other than those expressly stated herein.

11.    **Jointly Drafted.**  This Agreement is deemed to have been drafted jointly by the Parties.  Any uncertainty or ambiguity shall not be construed for or against any Party, since all Parties have participated in the negotiations and drafting of this Agreement.

12.    **Counterparts.**  This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.  Furthermore, signatures delivered via facsimile transmission and/or portable document format shall have the same force, validity and effect as the originals thereof.

IN WITNESS WHEREOF, this Settlement and Release Agreement has been agreed to and accepted by Plaintiffs and Symantec as of the date(s) set forth below.

_____
CECILIA JONES

Dated: January ____, 2019
    01/24/2019

_____
SYMANTEC CORPORATION

Name: _Carrie Flynn_

Title: _VP, Legal_

Dated: January _24_, 2019

_____
PEDRO YBARRA

Dated: January ____, 2019

| | |
|---|---|
| _____ | _____ |
| CECILIA JONES | SYMANTEC CORPORATION |
| Dated: January ____, 2019 | Name: _____ |
| | Title: _____ |
| | Dated: January ____, 2019 |

*Pedro Ybarra*
_____
PEDRO YBARRA

Dated: January ____, 2019     01/24/2019

Page **6** of **6**

# EXHIBIT A

EXHIBIT 1

| | |
|---|---|
| 1 | JASON BARRAT |
| 2 | State Bar No. 029086<br>ZOLDAN LAW GROUP |
| 3 | 14500 N. Northsight Blvd., Suite 133 |
| 4 | Scottsdale, AZ 85260<br>Tel & Fax: 480-442-3410 |
| 5 | *Attorneys for Plaintiff* |
| 6 | JOHN BATTENFELD |
| 7 | *admitted pro hac vice*<br>MORGAN, LEWIS & BOCKIUS LLP |
| 8 | 300 South Grand Avenue |
| 9 | Twenty-Second Floor<br>Los Angeles, CA  90071 |
| 10 | Tel:    213-612-2500<br>Fax:   213-612-2501 |
| 11 | |
| 12 | CYNTHIA A. RICKETTS<br>State Bar No. 012668 |
| 13 | ANDREW C. STANLEY |
| 14 | State Bar No. 029789<br>SACKS, RICKETTS & CASE LLP |
| 15 | 2800 N. Central Ave., Suite 1910<br>Phoenix, AZ  85004 |
| 16 | Tel:    602-385-2270 |
| 17 | Fax:   602-385-3371<br>*Attorneys for Defendant* |

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Cecilia Jones and Pedro Ybarra, Individually and on behalf of all others similarly situated,<br>    Plaintiffs,<br>v.<br><br>Symantec Corporation, a California company,<br>    Defendant. | Case No. 2:18-cv-03406-SRB<br><br>**STIPULATION AND PROPOSED ORDER OF DISMISSAL WITH PREJUDICE PURSUANT TO F.R.C.P. 41(a)(1)(A)(ii)**<br><br>Honorable Susan R. Bolton |

Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), Plaintiffs Cecilia Jones and Pedro Ybarra ("Plaintiffs") and Defendant Symantec Corporation ("Defendant"; collectively, the "Parties"), by and through their respective counsel of record, hereby stipulate to the entry of an order dismissing this action with prejudice. The Parties hereby stipulate and agree as follows:

WHEREAS, on October 23, 2018, Plaintiffs filed the above captioned action in the United States District Court for the District of Arizona against Defendant alleging overtime violations of the Fair Labor Standards Act ("FLSA") individually and as a collective action;

WHEREAS, in response to the action, Defendant provided Plaintiffs with documentation showing that Plaintiffs were paid all overtime due to them under the FLSA;

WHEREAS, the Parties have reached an agreement (the "Settlement Agreement"), attached hereto as Exhibit 1, for dismissal of Plaintiffs' individual FLSA claims, in exchange for payment by Defendant of certain costs incurred by Plaintiffs in filing the action;

WHEREAS, the Settlement Agreement states that upon execution of the Settlement Agreement, a stipulation of dismissal with prejudice of this action will be filed with this Court along with a proposed order of dismissal for the Court's approval of the settlement of Plaintiffs' FLSA claims.

ACCORDINGLY, the Parties stipulate to the dismissal with prejudice of this

action and the claims asserted by Plaintiffs, with each party to bear his, her, or its own attorneys' fees and costs, except as provided in the Parties' Settlement Agreement.

THEREFORE, the Parties respectfully request that this Court enter the attached Order of Dismissal with Prejudice.

**IT IS SO STIPULATED.**

Respectfully submitted this _____th day of January, 2019.

| | | |
|---|---|---|
| 1 | **ZOLDAN LAW GROUP, PLLC** | **MORGAN, LEWIS & BOCKIUS LLP** |
| 2 | */s/* | */s/* |
| 3 | Michael Zoldan (AZ 029086) | John Battenfeld (CA 119513) |
|   | Jason Barrat (AZ 028128) | admitted pro hac vice |
| 4 | Jessica Miller (AZ 031005) | 300 South Grand Avenue |
| 5 | 14500 N. Northsight Blvd., Suite 133 | Twenty-Second Floor |
|   | Scottsdale, AZ 85260 | Los Angeles, CA 90071 |
| 6 | Tel & Fax: 480-442-3410 | Tel: 213-612-2500 |
|   | Email: mzolddan@zoldangroup.com | Fax: 213-612-2501 |
| 7 |        jbarrat@zoldnangroup.com | Email: john.battenfeld@morganlewis.com |
| 8 |        jmiller@zoldangroup.com | |
|   | | Aimee Raimer (TX 24081275) |
| 9 | **ATTORNEYS FOR PLAINTIFF** | admitted pro hac vice |
| 10 | | 1717 Main Street, Suite 3200 |
|    | | Dallas, TX 75201 |
| 11 | | Tel: 214-466-4000 |
|    | | Fax: 214-466-4001 |
| 12 | | Email: aimee.raimer@morganlewis.com |
| 13 | | |
|    | | **SACKS RICKETTS & CASE LLP** |
| 14 | | |
| 15 | | Cynthia A. Ricketts (012669) |
|    | | Andrew C. Stanley (029789) |
| 16 | | 2800 N. Central Ave., Suite 1910 |
|    | | Phoenix, AZ 85004 |
| 17 | | Tel: 602-385-2270 |
| 18 | | Fax: 602-385-3371 |
|    | | Email: cricketts@srclaw.com |
| 19 | |        astanley@srclaw.com |
| 20 | | **ATTORNEYS FOR DEFENDANTS** |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |

**CERTIFICATE OF SERVICE**

☒ I hereby certify that on January ____, 2019, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

MICHAEL ZOLDAN
State Bar No. 028128
JASON BARRAT
State Bar No. 029086
JESSICA MILLER
State Bar No. 031005
14500 N. Northsight Blvd., Suite 133
Scottsdale, AZ  85260

/s/ _____